UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMIE CUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:14-cv-1149 |
| ) | Judge Aleta A. Trauger |
| CAROLYN W. COLVIN, Acting ) | Magistrate Judge John S. Bryant |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

On August 13, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") (Docket No. 13), to which the plaintiff, Jamie Cutler, has filed timely Objections (Docket No. 14), and the defendant has filed a Response (Docket No. 15). The R&R recommends that the plaintiff's Motion for Judgment on the Record (Docket No. 8) and Motion for Remand (Docket No. 11) be denied and that the decision of the Social Security Administration ("SSA") with respect to the plaintiff's claim for disability benefits be affirmed. For the reasons discussed herein, the court will overrule the plaintiff's Objections and accept the R&R.

## BACKGROUND[1]

On June 22, 2011, the plaintiff filed a claim for Social Security disability benefits, alleging that she became disabled on March 31, 2006 due to back problems and retinal

---

[1] The background is taken from the R&R, familiarity with which is presumed. The R&R provides a detailed background of this matter, including a summary of the record before the ALJ. The court recites here only the facts necessary to review the plaintiff's Objections.

1

detachment. The state agency responsible for administering benefits denied the plaintiff's claim at both the initial and reconsideration stages of review. Subsequently, the plaintiff filed a request for a *de novo* hearing and decision by an Administrative Law Judge ("ALJ"). A hearing was held on July 3, 2013. The plaintiff, who was then 63 years old, attended the hearing with counsel and testified before the ALJ, as did an impartial vocational expert. On August 12, 2013, the ALJ issued a written decision finding the plaintiff not disabled. As the Magistrate Judge summarized, that decision contained the following findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2006.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of March 31, 2006 through her date last insured of March 31, 2006 (20 CFR 404.1571 *et seq*.).
>
> 3. Through the date [of this decision], the claimant had the following medically determinable impairments: herniation and desiccation of the lumbar spine, left and right retinal detachment, and tear [sic] of meniscus/right knee tear [sic], and cervical disc bulge (20 CFR 404.1521 *et seq*.).
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq*.).
>
> 5. The claimant was not under a disability, as defined in the Social Security Act, at any time from March 31, 2006, the alleged onset date, through March 31, 2006, the date last insured (20 CFR 404.1520(c)).

(Docket No. 13 at p. 2.) The Appeals Council denied the plaintiff's request for review on January 30, 2014. This denial rendered the ALJ's judgment the "final decision" of the SSA.

On May 12, 2014, the plaintiff filed this civil action. (Docket No. 1.) The SSA answered the Complaint on July 11, 2014. (Docket No. 5.) On August 12, 2014, the plaintiff filed a Motion for Judgment on the Record (Docket No. 8), which the SSA opposed on September 11, 2014 (Docket No. 9). On October 1, 2014, the plaintiff filed a Reply. (Docket No. 10.) On October 1, 2014, the plaintiff also filed a Motion to Remand (Docket No. 11), which the SSA opposed on October 15, 2014 (Docket No. 12).

On August 13, 2015, the Magistrate Judge issued the R&R, which recommended that the plaintiff's Motion for Judgment on the Record and Motion to Remand be denied and that the decision of the SSA be affirmed. (Docket No. 13.) The plaintiff filed timely Objections to the R&R on August 27, 2015. (Docket No. 14.) The SSA opposed the plaintiff's Objections on September 3, 2015.[2] (Docket No. 15.)

## ANALYSIS

**I.     Legal Standards**

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

---

[2] The SSA's opposition merely incorporated by reference its prior oppositions to the Motion for Judgment on the Record and Motion for Remand. (*See* Docket No. 15.)

3

In social security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, thereby, entitled to benefits. 42 U.S.C. § 405(h). Review of an ALJ's decision, if any, is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation omitted). "The substantial evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)). Therefore, if substantial evidence supports an ALJ's decision, the court defers to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) (citing *Callahan*, 109 F.3d at 273).

## II.     Plaintiff's Objections

The Objections first challenge two conclusions that the Magistrate Judge reached concerning certain of the plaintiff's purported medical records from May to December 2005: (1) the Magistrate Judge's finding that the plaintiff made no compelling showing that these records were unavailable to her at the time her case was pending before the ALJ, and (2) the Magistrate Judge's finding that the plaintiff did not make a showing as to the materiality of those records. (Docket No. 14 at p. 1-2.) These findings led the Magistrate Judge to conclude that the plaintiff

had not established good cause for remand to the ALJ for consideration of additional evidence.[3] The plaintiff argues that she sufficiently established before the Magistrate Judge that the records were unavailable to her before the ALJ hearing by stating that she was unaware of her medical treatment and associated records due to memory problems caused by "various medications being taken." (Docket No. 11 at p. 1.) The plaintiff appears to argue that the Magistrate Judge erred with regard to the materiality finding because medical proof would generally concern the plaintiff's medical condition.

However, these are essentially the same arguments that were put before the Magistrate Judge on the Motion to Remand. (*See* Docket No. 11 at p. 1, ¶ 4; Docket No. 12 at pp. 3-4; *id.* at p. 3.) Thus, the Magistrate Judge considered the arguments that the plaintiff now makes in her Objections on the availability and materiality points. Federal courts have routinely deemed objections "waived" where the objections merely restate a party's arguments that were previously addressed by a magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Pappas v. Colvin*, No. 3:13-cv-1055, 2015 WL 1401049, at *3 (M.D. Tenn. March 26, 2015) (noting same and declining to review the

---

[3] Remand to incorporate and consider new evidence is appropriate only upon a showing by a claimant "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. 42 U.S.C. § 405(g); *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010). "[E]vidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding," and it is "material" only if there is "a reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id.*

5

magistrate judge's conclusion where the plaintiff merely stated "his general disagreement with the Magistrate Judge's conclusion that the ALJ's decision was supported by substantial evidence on the record"); *Charles v. Astrue*, No. 3:10–cv–134, 2011 WL 3206464, at *1 (E.D. Tenn. July 28, 2011) (noting that, if an objection merely restates an argument raised in motion practice and previously addressed by a magistrate judge, the district court may deem it waived). Here, because the plaintiff has merely restated her general argument and disagreement with the Magistrate Judge on these two points, the court finds that there is no legal grounds for review.

However, for the sake of completeness, the court notes that it finds no substantive merit to the plaintiff's Objections on these points and concurs with the Magistrate Judge's conclusion that remand is not warranted for consideration of additional evidence. First, the plaintiff has provided no medical evidence that she was medicated to such a degree that she would have reasonably been unaware of medical treatment in 2005 and the existence of related records. Second, the plaintiff has made no attempt to explain why the 2005 records are relevant (let alone material) to the plaintiff's subsequent 2006 disability claim such that their introduction might change the ALJ's findings. *See Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 422 (6th Cir. 2014) (noting that "[e]vidence is material only if there is a reasonable probability that it would have affected the outcome of the proceeding" and concluding that the claimant had not shown that the medical evidence at issue was material because it was "significant enough to have affected the ALJ's decision"); *Salyer v. Comm'r of Soc. Sec.*, 574 F. App'x 595, 597 (6th Cir. 2014) (affirming denial of claimant's effort to introduce additional medical evidence, where claimant had not established materiality of evidence by demonstrating how it would conflict with ALJ's findings or suggest within a reasonable probability that the Commissioner would have

reached a different outcome if presented with the new evidence).

Finally, the plaintiff does not offer any well-supported explanation as to why the plaintiff had actual good cause for not submitting the records earlier, as is required. *Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460 (6th Cir. 2013); *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). This is especially true because the plaintiff was represented at the ALJ hearing by counsel. *See Culp v. Comm'r of Soc. Sec.*, 529 F. App'x 750, 751 (6th Cir. 2013) (noting that the ALJ does not have a "special duty to develop the record" when an individual is represented by counsel). The plaintiff has not identified any obstacles that prevented her from researching whether medical treatment occurred in 2005, obtaining related records, and entering the medical records into evidence before the ALJ hearing in 2013. Accordingly, the court does not find fault with the Magistrate Judge's recommendation denying the Motion to Remand for the purpose of introducing additional evidence.

Next, the Objections raise the argument that, in finding that the ALJ's decision that the plaintiff was not "severely impaired" was supported by substantial evidence,[4] the Magistrate Judge did not give sufficient weight to the plaintiff's statements at the ALJ hearing regarding her

---

[4] It is a claimant's burden to establish that she has a severe impairment. *Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803 (6th Cir. 2012). The "severe impairment" requirement at Step Two of the ALJ's analysis has been characterized as a minor hurdle in the determination process by the Sixth Circuit. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). However, the severity requirement may still be employed to screen out claims that are groundless from a medical standpoint. *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); *Farris v. Sec'y of Health and Human Servcs.*, 773 F.2d 85, 90 n.1. This can occur in situations where there is "nothing in the objective medical record credibly suggesting" that a claimant was affected by any of her impairments prior to her date of last insured. *See Higgs*, 880 F.2d at 863. An ALJ can consider the treatment a claimant has (or has not) had and whether it is indicative of disability. *Curler v. Comm'r of Soc. Sec.*, 561 F. App'x 464, 470-71(6th Cir. 2014). An ALJ may likewise give consideration to a claimant's daily activities. *Temples*, 515 F. App'x at 462.

7

impairments prior to her date of last insured. (Docket No. 14 at p. 1.) Specifically, the plaintiff refers to the following statements she made during the ALJ hearing:

(a) Plaintiff stated in her ALJ hearing that after the [2004] car accident "it's been harder for me to sit … harder for me to stand … it's harder for me to concentrate. I can't get work done because I'm in pain all the time."

(b) When asked how her back condition affected her endurance and strength during the same significant period, between 2004 and March 2006, Claimant testified "it just got harder and harder to do anything."

(c) Further, Claimant testified that it was during this time that she began to use a cane.

(d) Claimant also testified that during this period, 2004 to 2006, she could only stand "10 or 15 minutes [at a time] . . . I'd take turns sitting / standing."

(Docket No. 14 at p. 14 (citing ALJ Tr. At pp. 39-40).) In the R&R, the Magistrate Judge found that the ALJ's conclusion "that the record failed to establish that any of the plaintiff's medically determinable impairments were severe during her insured period, despite her testimony that her neck and back pain became severe following the 2004 car wreck," was supported by substantial evidence. (Docket No. 13 at p. 12.) The plaintiff contended before the Magistrate Judge that her testimony cited above was sufficient, when combined with medical evidence in the record, to support a finding of "severe impairment" and that, therefore, the ALJ's conclusion to the contrary was not well-supported.

Foremost, the R&R clearly reflects that the Magistrate Judge *did* take into account the plaintiff's subjective testimony at the ALJ hearing. (*See* Docket No. 13 at pp. 5, 11-12.) However, the Magistrate Judge joined the ALJ in finding that the only significant medical evidence in the record concerning the plaintiff's neck and back impairments was from 2007 or

8

later (and many of those findings, such as the 2007 MRIs, were only characterized as mildly abnormal). Moreover, the Magistrate Judge's conclusions were based in part on his findings that much of those records were only generated as a result of a fall the plaintiff had taken in November 2006, thus minimizing their relevance to the plaintiff's claimed disability in March 2006. While the plaintiff did offer records from a chiropractor from 2002 and 2004 that she was treated for cervical, thoracic, and lumo-sacral spinal neuromuscular conditions, the Magistrate Judge appropriately noted that this evidence is remote in time and thus reasonably bears less weight in establishing that the plaintiff was severely disabled in March 2006. In addition, the Magistrate Judge highlighted from the ALJ record the gap in chiropractic treatment notes from 2004 through 2008, the period directly relevant to the plaintiff's 2004 car accident and subsequent 2006 disability claim.[5]

Accordingly, even if some contrary evidence exists in the form of the plaintiff's subjective testimony as to pain and functional limitations, the Magistrate Judge's finding that the denial of benefits by the ALJ is supported by substantial evidence is perfectly sound because the record is lacking in relevant supporting medical evidence. *Warner,* 375 F.3d at 390. The court finds that the Magistrate Judge properly concluded, therefore, that the ALJ's conclusion lies

---

[5] In addition, the record reflects that the plaintiff returned to work in 2007 and 2008 and engaged in moderate activity as late as 2011, despite her testimony at the ALJ hearing that her neck and back pain became severe after her 2004 car accident.

Regarding the plaintiff's detached retina, this occurred prior to her last date insured, but the plaintiff offered no records to show any significant functional limitations following the corrective procedure. In briefing, the plaintiff asserted that headaches related to her eye were diagnosed as "continuing" in 2007 (Docket No. 10 at p. 2) but offered no objective medical evidence establishing the severe impairment of the left eye condition prior to the last insured date of March 31, 2006, nor of any headaches or other side effects of the corrective procedure at that time.

safely within the "zone of choice" within which the ALJ could go "without interference by the courts." *Mullen,* 800 F.2d at 545 (6th Cir. 1986); *see also, e.g., Temples*, 515 F. App'x at 460 (finding the ALJ reasonably discounted the claimant's testimony concerning the severity of her pain because her testimony was inconsistent with the medical evidence in the record); *Higgs*, 880 F.2d 860 (affirming denial of benefits on grounds of non-severity of impairment, upon finding a lack of objective record medical evidence and that subsequent evidence was only "minimally probative of her condition" on the alleged date of onset).

Accordingly, the court will overrule the Objections and accept the R&R.

## CONCLUSION

For the foregoing reasons:

1. The plaintiff's Objections (Docket No. 14) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Docket No. 13) is **ACCEPTED AND ADOPTED**.

3. The plaintiff's Motion for Judgement on the Record (Docket No. 8) is **DENIED**.

4. The plaintiff's Motion to Remand (Docket No. 11) is **DENIED**.

5. The decision of the Social Security Administration is **AFFIRMED**.

This Order constitutes the judgment in this case.

It is so **ORDERED**.

Enter this 18th day of September.

_____
ALETA A. TRAUGER
United States District Judge